ROSE L. McBRIDE, ADMINISTRATRIX, ESTATE OF F. T. McBRIDE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4885.   Promulgated October 3, 1927.

ESTATE TAX.—Value of buildings included in decedent's gross estate determined.  Evidence insufficient to determine value of stock.

*Frederick H. Drake, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

The Commissioner has determined a deficiency in estate taxes in the amount of $879.95.  The question involved is the valuation to be placed on certain property embraced in decedent's gross estate.  Respondent concedes that the proper value of a one-third interest in the Helper claim is $100 as returned by the petitioner and that item 11 should be $187.50 as returned and not $1,875 as found by the respondent.

FINDINGS OF FACT.

Decedent died on October 8, 1922, leaving an estate consisting of real and personal property in the States of Oregon and Montana. The return was made by Rose L. McBride, administratrix of the estate in Oregon.

Included among the assets was Lot No. 3, Block 42, Butte, Mont. The land was improved by a two-story brick-and-frame structure which was constructed between the years 1905 and 1908.  The sale and rental value of property in Butte was materially affected by the price of copper, and during the years 1916 and 1917, when copper was high, this building rented for $275 per month, and during the year 1922, when the price of copper had dropped to 13½ cents per pound, the gross income was only $2,150 and the net income, before

computing depreciation, was $1,040. The Commissioner determined a valuation of $22,500 at the date of death and the administratrix reported a valuation of $18,000. The value of the property on October 8, 1922, was $18,000.

On Lots 5 and 6, Block 58 of Butte, Mont., which were returned as part of decedent's estate, was an old building about 20 feet in depth, in which were two store rooms. The building was located in an undesirable neighborhood. The gross rental for the building in 1922 was $350. The petitioner reported a valuation for estate-tax purposes of $4,500 and the Commissioner determined a value of $6,000. The value of the property on October 18, 1922, was $4,500.

Included among the assets of the estate were 499 shares of Bear Paw Mining stock. The company was organized primarily to hold certain mining claims, but also owned improved real estate in the cities of Butte, Mont., and Tacoma, Wash. The mining property consisted of 10 to 15 undivided interests in mining claims, development work having been done on only one claim from which ore was shipped. This mine was later abandoned. The Wolf Block in Tacoma, owned by this company, was rented, two stores therein being rented for $2,700 and $1,210, respectively, and the upstairs part for $840. The net return for the year 1922 was $2,809.89 without deduction for depreciation. The Thompson Block in Tacoma, also owned by the Bear Paw Mining Co., was rented for $7,000, but the net return before depreciation in 1922 was only $3,815.76.

The average net income of the corporation over the period 1917 to 1921 was $5,141.67 and the net income for 1922 was $5,081.10. The value returned by petitioner for the 499 shares of Bear Paw Mining Co. stock was $39,920, and the value determined by respondent was $76,491.71.

Decedent owned 1,000 shares of the Calusa Leonard Extension Copper Co. Petitioner returned the stock at a value of $130 and respondent determined its value to be $520.

OPINION.

ARUNDELL: The evidence introduced by petitioner is entirely insufficient for us to determine the value of the shares of stock in the Bear Paw Mining Co. and the shares in the Calusa Leonard Extension Copper Co. The respondent must, therefore, be affirmed.

The properties located on lot No. 3, block 42 and on lots 5 and 6, block 58, both in Butte, Mont., should be included in decedent's gross estate at the value fixed in the findings of fact.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LANSDON and GREEN.